UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CLEOTHER TIDWELL,
          Plaintiff,

          vs.                                                    09-1327

WARDEN GUY PIERCE, et.al.,
          Defendants.

MERIT REVIEW ORDER

        This cause is before the court for a merit review of the plaintiff's claims.  The court is
required by 28 U.S.C. §1915A to "screen" the plaintiff's complaint, and through such process to
identify and dismiss any legally insufficient claim, or the entire action if warranted.  A claim is
legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may
be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28
U.S.C. §1915A.

        The plaintiff, a pro se prisoner, did not initially file a standard complaint form with this
court.  Instead, the plaintiff filed a document on September 25, 2009 entitled "Order to Show
Cause for Temporary Restraining Order." [d/e 1].  In the caption of his document, the plaintiff
named Pontiac Correctional Center, the Personal Property Office and Warden Guy Pierce as
defendants.   The plaintiff has no other lawsuit pending before this court.

        The plaintiff's document was several pages long and stated how specific individuals at
Pontiac Correctional Center had denied him access to his personal property.  In addition, the
plaintiff submitted a petition for leave to proceed *in forma pauperis* with his document. [d/e 2].
Therefore, the court interpreted the plaintiff's document as a complaint pursuant to 42 U.S.C.
§1983.

         The court informed the plaintiff on September 25, 2009, that his case would be set for a
merit review hearing pursuant to 28 U.S.C. §1915A on October 26, 2009.  The court also granted
the plaintiff's motion to proceed *in forma paupers*.  October 9, 2009 Text order.

        The court has now thoroughly reviewed the plaintiff's complaint and finds that a merit
review hearing is unnecessary as the plaintiff has failed to state a claim upon which relief can be
granted.

        The plaintiff states that he has a pending criminal case in Perry County Illinois and a
Circuit Court Judge has ordered that he be given access to his personal property and
correspondence which is currently held in storage.  The plaintiff's compliant details the various
requests he has made for this property, but the plaintiff claims he still has not been given access to

1

these documents.  The plaintiff says he needs the paperwork to present his defense.  The plaintiff mentions that he has a pretrial conference scheduled at the end of October and also mentions that he is represented by counsel in his criminal case.   The plaintiff says he does not know what else to do to gain access to his documents.

The plaintiff does not state that he made any attempt to contact his counsel, nor that he attempted to contact the court in his Perry County case.  Instead, the plaintiff filed a complaint in Federal Court.  An inmate alleging denial of access to the courts lacks even the standing to assert such a claim in the absence of actual injury, which means an adverse decision in, or inability to litigate, some concrete legal claim.  *Lewis v. Casey,* 518 US. 343, 116 S. Ct. 2174, 2180 (1996).  The plaintiff has alleged no such injury.  The plaintiff has a court order allowing him access to his property, he has counsel to represent him and his case has not yet gone to trial.   The plaintiff should inform the Perry County Court and his attorney of the difficulties he is claiming.

**IT IS THEREFORE ORDERED:**

1)    **The plaintiff's complaint is dismissed for failure to state a claim pursuant to Fed. R. Civ. Proc. 12(b)(6) and 28 U.S.C. Section 1915A.   This case is closed, with the parties to bear their own costs.**

2)    **The merit review hearing scheduled for October 26,  2009 at 9:30 a.m. is canceled and the writ is recalled.**

3)    **This dismissal shall count as one of the plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g).  The clerk of the court is directed to record the plaintiff's strike in the three-strike log.**

4)    **The plaintiff must still pay the full docketing fee of $350.00 even though his case has been dismissed.  The agency having custody of the plaintiff is directed to remit the docketing fee of $350.00 from the plaintiff's prison trust fund account if such funds are available.  If the plaintiff does not have $350.00 in his trust fund account, the agency must send 20 percent of the current balance, or the average balance during the past six months, whichever amount is higher; thereafter, the agency shall begin forwarding monthly payments from the plaintiff's trust fund account to the clerk of court each time the plaintiff's account exceeds $10.00 until the statutory fee of $350.00 is paid in its entirety.  The filing fee collected shall not exceed the statutory filing fee of $350.00.**

5)     **The plaintiff is ordered to notify the clerk of the court of a change of address and phone number within seven days of such change.**

6)    **The clerk is directed to mail a copy of this order to the plaintiff's place of**

**confinement, to the attention of the Trust Fund Office.**

7)    **If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal.**

Entered this 23rd day of October, 2009.


**s\Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE