UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

CLEOTHER TIDWELL,
   Plaintiff,

vs.                                          No. 09-1327

GUY PIERCE, et. al,
   Defendants

CASE MANAGEMENT ORDER

This cause is before the court for case management. On October 23, 2009, the court dismissed the plaintiff's claims on merit review. *See* October 23, 2009 Merit Review Order. The plaintiff had not filed a formal complaint, but instead had submitted a document entitled "Order to Show Cause for Temporary Restraining Order." [d/e 1]  The plaintiff named Warden Guy Pierce, the Personal Property Office and Pontiac Correctional Center as defendants.

The plaintiff said he had a pending criminal case in Perry County, Illinois, and a Circuit Judge had ordered that the defendants allow the plaintiff contact with his personal property and correspondence that were in storage. The plaintiff claimed he made various requests, but still was denied access. The plaintiff claimed he needed the paperwork to present a defense. The plaintiff also stated that he had an upcoming pretrial conference and he was represented by counsel.

The plaintiff had failed to state a violation of his constitutional rights and his case was dismissed. The court mentioned that the plaintiff should talk to his counsel and the state court about his difficulties obtaining access to his documents..

The plaintiff has now filed motions asking the court to reconsider its ruling. [d/e 10, 11] The plaintiff says he read the court's order in a Perry County court hearing. The plaintiff says he has proof that he did talk to his attorney and the court.

The plaintiff misses the point. The plaintiff cannot file an action in federal court asking the federal court to intervene in his pending state court criminal case. The Supreme Court has specifically held that "a federal court must not, save in exceptional and extremely limited circumstances, intervene by way of either injunction or declaration in an existing state criminal prosecution." *Younger v. Harris*, 401 U.S. 37, 56 (1971). Those circumstances do not exist in this case. The court was simply trying to assist the plaintiff in is recommendation that he should address his concerns with the state court or his attorney.

The plaintiff failed to state a claim upon which relief could be granted, and his

1

complaint did not survive review under § 1915A. Accordingly, the action was dismissed and that dismissal counted as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). *See Staten v. McGirt*, 2007 WL 3333227 (S.D.Ill.,Nov. 09, 2007). The motions to reconsider are denied.

**IT IS THEREFORE ORDERED that the motion for reconsideration is denied. [d/e 10]**

Entered this 2nd Day of August, 2010.


\s\**Harold A. Baker**

_____
HAROLD A. BAKER
UNITED STATES DISTRICT JUDGE